## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HANANE MOHAMED,  a minor by her Father and Next Friend, Said Mohamed**<br><br>**And**<br><br>**SAID MOHAMED**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>**GENERAL SERVICES ADMINISTRATION "GSA"**<br><br>**And**<br><br>**EMCOR GOVERNMENT SERVICES, INC.,** formerly t/a Consolidated Engineering Services<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)Civil Action No. 07-CV-1869  (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT EMCOR GOVERNMENT SERVICES, INC.'S ANSWER  TO FEDERAL DEFENDANT'S CROSS-CLAIM

Defendant EMCOR Government Services, Inc. formerly t/a Consolidated

Engineering Services, ("EMCOR") hereby answers the Cross-Claim filed by the federal

defendant, and states as follows:

### FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The incident and plaintiffs' alleged injuries may have been the result of acts or

omissions of third parties over whom EMCOR is not responsible, and/or a cause or

causes over which EMCOR had no control and for which it is not responsible at law to the federal defendant.

### THIRD DEFENSE

Plaintiffs' incident and injuries may have been the result of an unavoidable accident.

### FOURTH DEFENSE

All allegations contained in the Cross-Claim not specifically admitted are denied.

### FIFTH DEFENSE

EMCOR reserves the right to assert additional defenses as discovery in this matter proceeds.

### SIXTH DEFENSE

Answering specifically the numbered paragraphs set forth in the Cross-Claim, EMCOR states as follows:

1.    Admitted that on or about August 27, 2004, a contract to perform maintenance and repair work on the Steam Distribution Complex was transferred to Consolidated Engineering Services, which is now known as EMCOR Government Services, Inc. and referred to herein as EMCOR. All allegations not specifically admitted are denied.

2.    Denied that EMCOR was solely responsible for all repairs and all maintenance of the Steam Distribution Complex. The contract sets forth the obligations of the parties and speaks for itself.

3.    Denied that any injury to the plaintiff was caused solely by the negligence of EMCOR. Denied that EMCOR failed to perform any repair and/or maintenance and that any alleged failure caused any damages to the plaintiff in this case.

Denied that the federal defendant is entitled to recover contractual and/or

common law indemnity and/or contribution from EMCOR.

WHEREFORE, defendant EMCOR denies that it is liable to the federal defendant in any

manner and for any amount and prays that the Court dismiss this matter with prejudice

and award its costs and fees incurred herein.


Respectfully Submitted,

EMCOR Government Services, Inc.,
Formerly t/a Consolidated Engineering Services

_____
Counsel

David D. Hudgins, Esquire (DC Bar #362451)
Juliane C. Miller, Esquire (DC Bar #446783)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (fax)
dhudgins@hudginslawfirm.com
jmiller@hudginslawfirm.com
*Counsel for EMCOR Government Services, Inc., formerly t/a Consolidated Engineering
Services*

## CERTIFICATE OF SERVICE

I certify that on this _27_ day of February 2008, the foregoing Answer was
forwarded electronically to:

David L. Hilton, Esq.
Robert Somer, Esq.
Hilton & Somer, LLC
8303 Arlington Blvd.
Ste. 102
Fairfax, Virginia 22031
*Counsel for Plaintiffs*

Diane M. Sullivan, Esq.
Rudolph Contreras, Esq.
Jeffrey A. Taylor, Esq,
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
*Counsel for the federal defendant*

                                        _____
                                        Counsel