```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| HANANE MOHAMED, a minor, ) | |
| by her father and next friend,) | |
| Said Mohamed ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 07-1869(RMC) |
| UNITED STATES OF AMERICA, ) | |
| et al. ) | |
| Defendants. ) | |

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3, the parties submit the following Joint Report:

1.  Statement of the Case: Plaintiffs, Said Mohamed, as father and next of kin of Hanane Mohamed, a minor, brings this personal injury and Federal Tort Claims action, 28 U.S.C. § 2671 et seq., against the United States of America and EMCOR Government Services, Inc. for injuries allegedly sustained by the minor plaintiff.  Plaintiff alleges that the minor plaintiff sustained injuries as a result of the negligence of the defendants when steam from a vent burned the minor plaintiff. Both defendants deny that they breached any duty owed to the plaintiff, deny that they were negligent and assert that the alleged injuries were a result of contributory negligence on the

1

part of the adult plaintiff and, alternatively, were the result of an unavoidable accident.

The defendants have cross-claimed against each other for contribution and indemnity.

2. <u>Dispositive Motions/Discovery Timeframe</u>:  It is the current intention of the Federal defendant to file a motion for summary judgment following the close of discovery.  All parties reserve the right to move for full or partial summary Judgment at any time prior to and up to 30 days following the close of discovery. Each party requests 30 days to respond to any dispositive motion filed by another party.  The Parties request twenty days to reply to any opposition filed by another party.

3. <u>Joinder/Amendment/Narrowing</u>:  The parties do not anticipate, at this time, that it will be necessary to join third parties or to amend the pleadings.  However, discovery is just beginning and the case is in its early stages and therefore a final decision cannot yet be made on the joinder of additional parties.  It is premature to narrow the issues.  The issues may be narrowed after discovery closes.

4. <u>Assignment To Magistrate Judge</u>: The parties do not consent to the assignment of this case for trial to a Magistrate Judge.

5.  <u>Settlement Possibility</u>: The parties have agreed and have requested that this matter be referred to a Magistrate Judge for early ADR/Mediation.

6.  <u>Alternative Dispute Procedures</u>: Plaintiff has requested that the parties consent to an expedited ADR before the Court prior to the commencement of discovery. In any event, the parties believe that referral to a Magistrate-Judge might be useful after discovery is complete.

7.  <u>Summary Judgment</u>: The parties propose the following schedule: Either party may file a motion for summary judgment by December 1, 2008 with any opposition(s) thereto being filed by January 15, 2009 and any reply thereto to be filed by February 5, 2009.

8.  <u>Initial Disclosures</u>:  The parties agree to waive initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

9.  <u>Discovery</u>:  The parties propose that discovery be completed by October 1, 2008.  The parties agree to the limitations imposed by the Federal Rules of Civil Procedure and the Local Rules.

10.  <u>Experts</u>:  The plaintiff shall identify any experts in this case by July 10, 2008.  Defendants' experts shall be

designated no later than September 10, 2008, and that any rebuttal experts be designated no later than thirty (30) days thereafter. All parties shall provide the information required, if applicable, by Rule 26(a)(2), Fed. R. Civ. P. at the time they designate their expert.

    11. <u>Class Action Procedures</u>: Not applicable.

    12. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation.

    13. <u>Proposed Date For The Pretrial Conference</u>: The parties believe a pretrial conference should be scheduled after the completion of discovery and after dispositive motions are ruled on.

    14. <u>Trial Date</u>: The parties believe that the matter should be set for trial at the pretrial conference.

    Respectfully Submitted,

\_\_/s/\_\_\_David Lee Hilton\_\_\_\_\_   \_\_\_/s/\_\_Jeffrey A. Taylor_____
DAVID LEE HILTON                    JEFFREY A. TAYLOR, D.C. BAR # 498610
8303 Arlington Boulevard            United States Attorney
Fairfax, VA 22031
Phone: (703) 560-0700

```
                                   ___/s/__Rudolph Contreras_____
                                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                   Assistant United States Attorney
__/s/___Marvin Liss_____
MARVIN LISS
5101 Wisconsin Avenue NW
Suite 302                          ___/s/_____Diane M. Sullivan_____
Washington, D.C. 20016             DIANE M. SULLIVAN, D.C. Bar #12765
Phone: (202) 237-6300              Assistant United States Attorney
                                   555 4TH St., N.W.,
                                   Room E4919
Attorneys for Plaintiff            Washington, D.C.  20530
                                   Phone: (202) 514-7205

                                   Attorneys for the Federal Defendant
                                   United States of America



                                   ___/s/ David D. Hudgins_____
                                   DAVID D. HUDGINS, D.C. Bar #362451
                                   JULIANE CORROON MILLER, D.C. Bar
                                   #446783
                                   Hudgins Law Firm, PC
                                   515 King Street
                                   Suite 400
                                   Alexandria, VA 22314
                                   Phone: (703) 739-3300

                                   Attorneys for Defendant EMCOR
                                   Government Services Inc.
```